moved that the suit be dismissed for want of prosecution and for a judgment against plaintiff for costs, and in support of the motion presented a release from liability and an agreement executed by the plaintiff to dismiss the suit and pay the costs, *held* it was the duty of the court to enter judgment against plantiff for costs unless he had procured an order to prosecute as a poor person, and that the action of the court in entering on its own motion a judgment against defendant for costs, for the reason it appeared that plaintiff was insolvent and unable to pay costs, was improper.

---

## Town of Canteen, Appellant, v. Fred Weber and Martha Weber, Appellees.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Town of Canteen against Fred Weber and Martha Weber to recover a penalty under section 71, ch. 121, Hurd's R. S., J. & A. ¶ 9700, for the obstruction of a highway. The charge is that the defendants built a fence in the middle of the road covering one-half of the road and extending about three hundred feet parallel with the road, and that the defendants had been verbally notified, and the defendant Fred Weber notified in writing, to remove the obstruction. It further appeared that the defendants had promised to remove the obstruction in ten days, but that they had failed to do so.

The case was tried before a jury and a verdict was returned finding the defendants not guilty. To reverse the judgment, plaintiff appeals.

N. C. LYRLA, for appellant.

W. E. KNOWLES, for appellees.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. ROADS AND BRIDGES, § 15*—*period of user to establish highway.* A period of user for fifteen years is all that is required under section 1, ch. 121, Hurd's R. S., J. & A. ¶ 9628, to establish a public highway.

2. ROADS AND BRIDGES, § 11*—*sufficiency of instruction as to establishment of public highway.* An instruction which tells the jury that if a road is used and traveled by the public as a highway and is recognized and kept in repair as such by the highway commissioners, proof of such facts furnish a presumption liable to be rebutted that such road is a public highway, *held* subject to the objection that it does not state the period for which the road must be used to constitute it a public highway.

3. COSTS, § 26*—*when town not liable for costs.* A judgment against a town for costs is improper in a suit by it to recover a penalty for the obstruction of a public highway.

---

### Thomas John et al., Appellees, v. Walter Worthen et al., Appellants.

1. INDEMNITY, § 9*—*when bond not construed to cover past delinquencies.* · An indemnity bond will not be construed retroactive in effect or to cover past delinquencies unless it in terms states it is to have such effect.

2. INDEMNITY, § 9*—*when language of bond insufficient to cover past defalcations.* Where a bond given to indemnify sureties on a bond of a county clerk states that if the obligor will save and keep harmless the said county clerk and his sureties from all loss and damage and from payment of any sum of money on account of them or any of them being sureties upon the bond of said county clerk, *held* that the language of the bond did not make the obligor and his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.